# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>           )<br>      Plaintiff,   )<br>           )         3:13-cr-00039-RCJ-VPC-1<br>      vs.      )<br>           )<br>SHARON M. GRAB,       )         **ORDER**<br>           )<br>      Defendant.   )<br>_____)   | |

Pending before the Court is Defendant's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 39). For the reasons given herein, the Court denies the motion.

**I.      FACTS AND PROCEDURAL HISTORY**

A grand jury indicted Defendant Sharon Grab on four counts of wire fraud, four counts of mail fraud, and four counts of making false statements to obtain federal employee's compensation. Defendant had received approximately $150,000 in benefits based on misrepresentations of her ability to work. Pursuant to a plea agreement, Defendant pled guilty to one count of making false statements to obtain federal employee's compensation (Count XII). The Court sentenced Defendant to 60 months of probation and $45,000 in restitution, dismissing the remaining counts. Defendant has asked the Court to vacate her conviction based on ineffective assistance of trial counsel.

**II.     DISCUSSION**

Defendant lists two grounds for relief. In the first ground, Defendant argues trial counsel was ineffective. Defendant complains, *inter alia*, that counsel "just kept telling me to plead

guilty," she "was very confused," and counsel "was not sure what would happen to my federal benefits." At the change of plea and sentencing hearings, however, Defendant swore under oath, *inter alia*, that she was satisfied with her counsel, understood the charges against her, the plea agreement, and the rights she was waiving, and that no one had coerced her to plead guilty. The same acknowledgments appear in the signed Plea Agreement.

In the second ground, Defendant accuses a doctor of HIPAA violations when he spoke with investigating agents. Defendant waived the right to appeal or collaterally attack any aspect of her conviction, however, except for ineffective assistance of counsel claims and any above-guidelines sentence. (*See* Plea Agreement 10:3–11, ECF No. 24).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 39) is DENIED.

IT IS FURTHER ORDERED that a Certificate of Appealability is DENIED.

IT IS SO ORDERED.

Dated this 30th day of April, 2015.

_____
ROBERT C. JONES
United States District Judge